UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA HUTCHINS,                    CASE NO. 17-CV-10210
                                    HON. GEORGE CARAM STEEH
              Plaintiff,

v.

GREAT LAKES HOME
HEALTH SERVICES, INC.
and GREAT LAKES
ACQUISITION CORP.,

              Defendants.

_____/

## OPINION AND ORDER

Plaintiff Sandra Hutchins ("Hutchins") brought this collective action on behalf of herself and similarly situated employees for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against Defendants Great Lakes Home Health Services, Inc. and Great Lakes Acquisition Corp., *d/b/a* Great Lakes Caring (collectively "Great Lakes" or "Defendants") for failure to pay employees overtime premium compensation for hours worked in excess of forty hours per week. Now before the court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 12), Defendants' Motion to Dismiss Plaintiff's Amended Complaint

(Doc. 15), and Defendants' Motion to Strike as Premature "Consent to Join Collective Action" Form and to Disregard It for Purposes of the Pending Motion to Dismiss. (Doc. 21). The court shall decide the motions without oral argument pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, Defendants' motion to dismiss the original Complaint shall be denied as moot, Defendants' motion to dismiss the Amended Complaint shall be granted, and Defendants' motion to strike the opt-in form and for the court to disregard it in deciding the pending motions to dismiss shall be denied as moot.

## I. BACKGROUND

Because the court is addressing a motion to dismiss, the court must accept the allegations of the complaint as true. Accordingly, the facts summarized here are those alleged in the Plaintiff's Amended Complaint. Hutchins was employed as a licensed practical nurse ("LPN") by Great Lakes at their Brighton, Michigan office from March, 2012 to July, 2016. (Doc. 14 at 3). Great Lakes allegedly paid their employees a per-visit flat fee that was determined by the type of visit and hourly payments for tasks that were performed in the course of employment. *Id.* Prior to October, 2014, Hutchins frequently worked between fifty to sixty hours per week. *Id.* Moreover, similarly situated employees frequently worked in excess of forty

hours per week. *Id.* Hutchins alleges that Great Lakes did not pay their employees the required overtime premium compensation when they worked more than forty hours in a week. *Id.* at 4. Through these allegedly wrongful practices, Hutchins claims that Great Lakes willfully violated the FLSA. *Id.*

Defendants' original motion to dismiss alleged that Plaintiff's claims were time-barred because they were filed more than two-years after the alleged violations as required under the FLSA, 29 U.S.C. § 255(a). Plaintiff responded by filing an Amended Complaint alleging that the violations were "willful." If "willful," a three-year limitations period applies under the FLSA. *Id.* Plaintiff alleges that the violations were allegedly willful solely because of the Sixth Circuit's holding in *Elwell v. Univ. Hosp. Home Care Serv.*, 276 F.3d 832 (6th Cir. 2002).  In that case, the Sixth Circuit held that home health workers who work on a hybrid basis — receiving a flat fee for some tasks, such as patient visits, and hourly fees for others, such as attending training and staff meetings — are not exempt professionals under the FLSA and are entitled to overtime compensation.

 Defendants then filed a second motion to dismiss, this time addressing the Amended Complaint, and arguing that the allegations were deficient to support a finding of willfulness. Before the briefing was

- 3 -

complete, however, Plaintiff filed an opt-in form by Laura Beth Hicks, a Registered Nurse working in Illinois, who was allegedly denied overtime pay by Defendants from October, 2015 to February, 2017. Defendants oppose her opt-in form, and have filed a motion to strike it and to prevent the court from considering it in its determination of the motion to dismiss.

## II. STANDARD OF LAW

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not

- 4 -

contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

The FLSA has a two-year statute of limitation for non-willful violations and a three-year statute of limitation for willful violations. 29 U.S.C. § 255(a). The Amended Complaint alleges that Hutchins worked more than forty hours per week only prior to October, 2014. (Doc. 14 at 3). Great Lakes argues that Hutchins has not pled sufficient facts to support a plausible claim that Great Lakes acted willfully, thus calling for a two-year statute of limitation. (Doc. 15 at 2). Great Lakes asserts that dismissal under the statute of limitations is warranted because the original complaint was filed more than two years after October 2014. *Id.* Generally, the statute of limitations defense is a matter for summary judgment, but where the "allegations in the complaint affirmatively show that the claim is time-barred," dismissal under Rule 12(b)(6) may be appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

## A.  *Willfulness*

District courts within the Sixth Circuit have uniformly held that *Iqbal* and *Twombly* do not impose a heightened pleading requirement in the context of an FLSA claim. *See, e.g.*, *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *4-7 (M.D. Tenn. June 25, 2015) (collecting cases). Courts within the Sixth Circuit have consistently held that "detailed factual pleading is not required in the context of a FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim that it is being asked to defend." *Id.* at *7. A willful violation of the FLSA encompasses either knowledge or reckless disregard concerning conduct that was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). It is not enough for an employer to know that the FLSA "was in the picture" as this standard makes it "virtually impossible" for an employer to demonstrate a nonwillful state of mind. *Id.* at 132-33. In regards to willfulness, Hutchins alleges:

> [b]y failing to pay Plaintiff and other home health workers overtime premium compensation for hours worked over forty (40) in a week as required by the Sixth Circuit in *Elwell*, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

(Doc. 14 at ¶ 17).

- 6 -

Hutchins further alleges the unlawful compensation system used by Great Lakes was comprised of: "1) per-visit flat fees that were determined by the type of visit; and 2) hourly payments made for certain tasks which were based upon the duration of those tasks." *Id.* at 3. Great Lakes argues that Hutchins' complaint "merely restates the existence of FLSA law. It does not even allege *Defendants themselves* were aware of the specified Sixth Circuit decision, let alone that they believed that Hutchins was entitled to overtime as a result of that case yet willfully disregarded it." (Doc. 15 at pgID 87). To determine a defendant's state of mind from the pleadings, the court "must rely primarily on circumstantial evidence and reasonable inferences drawn from the defendant's conduct." *Helwig v. Pennington*, 30 F. App'x 516, 518 (6th Cir. 2002) (citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), the court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).

Here, as to willfulness, the allegations of the Amended Complaint are deficient and thus, claims outside the two-year window are time-barred. Hutchins has merely alleged that Defendants' acted willfully because they violated the Sixth Circuit's holding in *Elwell*. Hutchins has not "extensively outline[d] the employment policies and practices of [Great Lakes]" nor

alleged inadequate record keeping, which would "'corroborate an employee's claim that the employer acted willfully in failing to compensate for overtime' under the FLSA." *Dowd v. Directv, LLC*, No. 14-cv-14018, at *5, 2016 WL 28866 (E.D. Mich. Jan. 4, 2016) (quoting *Elwell*, 276 F.3d 832 (6th Cir. 2002)); *see also Mabry v. Directv, LLC*, No. 3:14CV-00698-JHM, 2015 WL 5554023, at *5 (W.D. Ky. Sept. 21, 2015) (holding that a plausible FLSA claim requires "more than a formulaic recitation of their claims"). In *Dowd*, for example, the court found that plaintiffs had met the pleading standard for willfulness when they extensively described policies defendant implemented for the sole purpose of evading their obligations under the FLSA. 2016 WL 28866, at *5. No such allegations exist in this case.

A standard that requires an employer to merely know that the FLSA exists renders the distinction between willful and nonwillful violations unworkable. *See McLaughlin*, 486 U.S. at 132. Therefore, Hutchins has not properly pled that Great Lakes' compensation system existed for the purpose of willfully avoiding the FLSA. Accordingly, any claims based on a claim of willfulness shall be denied and the two-year statute of limitations period applies. Accordingly, the court shall dismiss Hutchins with prejudice as her claims are time-barred.

**B. Opt-in Form**

Having dismissed the only named Plaintiff prior to certification of a collective action, the court does not consider the opt-in form filed by putative class member Laura Beth Hicks.  *See White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 878 (6th Cir. 2012) ("a lead plaintiff cannot be similarly situated and represent opt-in plaintiffs without a viable claim"); *In re Family Dollar FLSA Litigation*, 637 F.3d 508, 519 (4th Cir. 2011) (same).

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the original Complaint (Doc. 12) is DENIED AS MOOT.

Defendants' motion to dismiss the Amended Complaint (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion to strike Hick's opt-in form and to disregard it for purposes of deciding the motion to dismiss the Amended Complaint (Doc. 21) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  August 2, 2017

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 2, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk